IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-79,596-01






EX PARTE CHRIS L. VASQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-420,480-A IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to forty-five years' imprisonment. The Seventh Court of Appeals affirmed
his conviction. Vasquez v. State, No. 07-10-00325-CR (Tex. App.--Amarillo 2011, pet. ref'd).

 Applicant contends, among other things, that trial and appellate counsel rendered ineffective
assistance. The trial court recommended that we grant Applicant an out-of-time appeal, concluding
that appellate counsel was deficient for not arguing that the restitution order was improper. We
believe that the record should be further developed. We are not able to determine from the record
whether this issue was preserved for appeal and, if not, could have been preserved. Nor are we able
to determine who, trial or appellate counsel, should have preserved the issue, if capable of
preservation. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order further responses from trial and appellate counsel. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to: (1) whether
the improper restitution order was preserved as an issue for appeal; (2) whether the issue was capable
of preservation, see Burt v. State, No. PD-1280-11, 2013 Tex. Crim. App. LEXIS 704 (Tex. Crim.
App. Apr. 17, 2013); (1) (3) if capable of preservation, whether trial or appellate counsel was
responsible for doing so; and (4) whether trial or appellate counsel rendered ineffective assistance.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 26, 2013

Do not publish

1. On this record, counsel could have conceivably objected to the improper restitution order
for the first time in a timely motion for new trial. Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim.
App. 1992).