

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00211-CR

RON MARCUS CHANDLER SPENCER        APPELLANT

V.

THE STATE OF TEXAS        STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Ron Marcus Chandler Spencer appeals from the trial court's revocation of his community supervision. In two points, he contends that the trial court abused its discretion by revoking his community supervision and that his five-year sentence constitutes cruel and unusual punishment. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

Pursuant to a plea bargain, Spencer pleaded guilty to burglary of a habitation. The trial court convicted him and sentenced him to ten years' confinement and a $1,000 fine but suspended imposition of the confinement portion of his sentence and placed him on community supervision for ten years. Approximately eight months later, the State filed a petition to revoke Spencer's community supervision, alleging that he had committed another offense, had failed to report to his community supervision officer as directed, and had not participated in a program as required under the terms of his community supervision. Spencer pleaded true to all of the allegations contained in the State's petition and, regarding punishment, presented evidence that he has a brain tumor requiring continual radiation treatment and that he assisted authorities on a related federal prosecution. The trial court revoked Spencer's community supervision and sentenced him to five years' confinement.

## III. SUFFICIENCY OF EVIDENCE TO SUPPORT COMMUNITY-SUPERVISION REVOCATION

In his first point, Spencer argues that the trial court abused its discretion by revoking his community supervision. He argues that there is insufficient evidence in the record to support his pleas of true to the allegations in the State's petition. But Spencer's pleas of true, standing alone, are sufficient to support the revocation of his community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Fisher v. State*, No. 02-10-00478-CR, 2011 WL 4916420, at *1–2 (Tex. App.—Fort Worth Oct. 13, 2011, no pet.) (mem.

2

op., not designated for publication). Consequently, the trial court did not abuse its discretion by revoking Spencer's community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). We overrule Spencer's first point.

## IV. PROPORTIONALITY OF SENTENCE

In his second point, Spencer argues that his five-year sentence constitutes cruel and unusual punishment, "particularly in light of his severe and profound medical condition and the substantial assistance [he] provided to the government in a related federal prosecution."

Spencer did not object to his punishment when it was imposed, nor did he raise this complaint in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Spencer did not raise his

complaint in the trial court, the complaint is forfeited.[2]  We overrule Spencer's

second point.

## V. CONCLUSION

Having overruled Spencer's two points, we affirm the trial court's judgment.


PER CURIAM


PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 6, 2014

---

[2]Even if we were to reach the merits of Spencer's complaint, his punishment was within the statutory limits for the offense.  *See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(c)(2) (West 2011).  Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "'exceedingly rare'" situations.  *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)); *see also Davis v. State*, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008, pet. ref'd) (stating that punishment within statutory range was not excessive, cruel, or unusual when defendant argued that the penitentiary could not provide treatment for his medical condition, AIDS).