

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1280-11

### LEMUEL CARL BURT, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., filed a dissenting opinion.

## OPINION

A jury convicted appellant of misapplication of fiduciary property and assessed appellant's punishment at 14 years' incarceration and a $10,000 fine. The trial court orally pronounced this sentence on January 15, 2009, after which the trial court commented to the parties, "The sooner we can get that restitution matter taken care of, the better." The judgment, dated January 16, 2009, contains a restitution order for $591,785.

Appellant filed a motion for new trial on January 15, 2009, but it was denied. Appellant

appealed, arguing that the restitution order must be vacated because the trial court did not orally pronounce restitution in open court, and the written judgment therefore did not properly reflect the orally pronounced sentence. Appellant argued in the alternative that the trial court improperly calculated restitution to include losses from individuals not named in the indictment. The court of appeals held that, under Tex. R. App. P. 33.1(a), appellant had failed to preserve the restitution issues by failing to raise them in the trial court. *Burt v. State*, No. 05-09-00116-CR, 2011 WL 3211249, at *10 (Tex. App.–Dallas July 29, 2011, pet. granted) (mem. op., not designated for publication).

Because appellant did not have an opportunity to object to the restitution order in the trial court, we find that he could not have preserved the error for review and that the error was therefore not forfeited.[1] We reverse the court of appeals and remand this cause to that court for consideration of the merits of the appellant's restitution claims.

## I. Facts

Appellant was accused of operating a Ponzi scheme involving real estate and was charged with misapplication of fiduciary property in an aggregate amount over $200,000. He was represented by appointed counsel. Twenty complainants were named in the original indictment, but the trial court later granted the state's motion to strike four of those names. At trial, there was extensive testimony from appellant's alleged victims regarding the amount of money they had lost.

Appellant's trial ended on January 15, 2009. The jury returned a guilty verdict, and the trial

---

[1] We note that, although appellant couches his complaint in terms of waiver, the claim asserted is actually that of forfeiture by failing to preserve the error for appellate review. Waiver: "The intentional relinquishment of a known right, claim, or privilege." BALLENTINE'S LAW DICTIONARY 1356 (3d ed. 1969). Forfeiture: "an enforced and involuntary loss of a right." *Id.* at 489.

court held a punishment hearing. After the jury left the courtroom to deliberate on punishment, the trial judge instructed the state "to prepare a proposed order of restitution in the case, probably with some sort of supporting memorandum to justify whatever number you come up with." The judge continued, "You can rely on everything that was introduced in the case. We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all can't come up with an agreed figure, then we will have to have a hearing on it at some point in the future, okay? And the sooner, the better."

The jury sentenced appellant to 14 years' incarceration and a $10,000 fine. The trial judge orally pronounced appellant's sentence in accordance with the jury's verdict and then stated to the parties, "The sooner we can get that restitution matter taken care of, the better." The docket sheet contains a January 15, 2009 entry that states, "restitution order to follow," and a January 16, 2009 entry that states, "restitution ordered." The judgment, dated January 16, 2009, contains a restitution order for $591,785, which corresponds to the total reflected in State's Exhibit 57, a table of twenty named victims and their alleged losses. The record does not reflect when appellant became aware of the restitution order.

At the conclusion of the trial on January 15, 2009, appellant filed a motion for new trial, notice of appeal, and his pauper's oath in order to obtain appointed appellate counsel. On that same day, appellant's motion for new trial was overruled,[2] and he was appointed appellate counsel.

Appellant appealed, raising five issues, including two issues challenging the restitution order. In issue number four, appellant argued that, "because the trial court failed to hold a restitution

---

[2] As appellant points out, the trial court's docket sheet does not indicate when the motion for new trial was overruled. However, appellant states in his brief that FORVUS, the case-management computer system for Dallas County, indicates that the motion for new trial was overruled on January 15, 2009. Since this is not disputed by the state, and the record is otherwise silent, we will assume that the motion was overruled on January 15, 2009.

hearing and did not impose restitution in open court, the trial court erred by entering an order of restitution in the judgment. The judgment should be reformed to strike the restitution order." In issue number five, appellant argued that, "only in the alternative to Issue No. 4, the restitution order is flawed and should be remanded to the trial court for a restitution hearing."

The court of appeals affirmed the judgment, but it did not reach the merits of issues four and five. The court found that appellant failed to preserve those issues for appellate review either by objecting to the court's imposition of restitution or by raising the issue in an amended motion for new trial. *Burt v. State*, 2011 WL 3211249, at *10.

Appellant filed a petition for discretionary review raising four grounds. The first three grounds challenge the court of appeals's holding on preservation, while the fourth ground challenges the amount of restitution.[3]

## II. Analysis

### A. Preservation

Ordinarily, to preserve an issue for appellate review, an appellant must have first raised the

---

[3] As stated in appellant's petition for discretionary review:

Ground for review No. 1: The court of appeals' determination that the trial court's error is subject to waiver violates appellant's right to procedural due process under the Fourteenth Amendment to the United States Constitution (citation omitted.).

Ground for review No. 2: The court of appeals' affirmed the trial court's written restitution order which contradicts the oral sentencing pronouncement. The court of appeals' determination that the trial court's error is subject to waiver conflicts with this court's decisions in *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004), *Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004) and *Ex Parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

Ground for review No. 3: The court of appeals' determination that appellant waived objection to the trial court's written restitution order despite the absence of an oral restitution pronouncement conflicts with the decisions of every other court of appeals which has considered the issue (citation omitted).

Ground for review No. 4: The restitution order is an illegal sentence because it orders payment to non-victims who are not named in the indictment. The court of appeals affirmed the illegal sentence in violation of this Court's decisions in *Ex Parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), *Ex Parte Lewis*, 892 S.W.2d 4, 6 (Tex. Crim. App. 1994), and *Gordon v. State*, 707 S.W.2d 626, 629 (Tex. Crim. App. 1986).

issue in the trial court. Tex. Rule App. Proc. 33.1(a); *see also Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (discussing Rule 33.1). A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *See, e.g., Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002) (appellant failed to preserve error as to restitution amount by failing to object at the punishment hearing to amount of restitution sought by the prosecution); *Russell v. State*, 341 S.W.3d 526, 527-28 (Tex. App.—Fort Worth 2011, no pet.) (appellant failed to preserve Eighth Amendment complaint when he did not object at sentencing). In some instances, an appellant may preserve a sentencing issue by raising it in a motion for new trial. *See, e.g., Bitterman v. State*, 180 S.W.3d 139, 142-43 (Tex. Crim. App. 2005) (appellant raised issue of plea breach in motion for new trial).[4]

The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (appellant did not allege that he did not have an opportunity to object when sentence was pronounced and so failed to preserve error); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (permitting appellant to raise his objection for the first time in a motion for new trial since "appellant had no opportunity to object to the trial court's action until after that action was taken."). Thus, when an appellate court finds that error has not been preserved, it will often recite the times at which the appellant had the opportunity to object, but failed to do so. *See, e.g., Idowu v. State*, 73 S.W.3d at 920 ("Neither appellant nor his counsel objected at the punishment hearing . . . ."); *see also Burt v.*

---

[4] This Court has held that an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) ("[In *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992)], we permitted the preservation of error [by filing a timely motion for new trial] only because the appellant did not have the opportunity to object [to the trial court's denying appellant a separate punishment hearing].").

*State*, 2011 WL 3211249, at *10. An appellant fails to preserve error by failing to object when he had the opportunity; conversely, if an appellant never had the opportunity to object, then he has not forfeited error. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (appellant did not forfeit his objection since "the [trial] court modified the terms of Rickels's probation without a hearing, and Rickels had no opportunity to object."); *Cobb v. State*, 95 S.W.3d 664, 666 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (appellant did not forfeit challenge to language in written judgment "because the judgment was not prepared until after the end of the hearing, [therefore] appellant could not have complained at the hearing about any alleged defect in the judgment.").

In this case, the court of appeals held that appellant had not preserved his complaint about the restitution order when "[a]ppellant did not object to the trial court's imposition of restitution . . ., [appellant] did not include restitution as an issue in [the motion for new trial] . . ., [and] appellant did not file an amended motion for new trial raising the restitution issue." *Burt v. State*, 2011 WL 3211249, at *10. In finding that error was not preserved, the court of appeals suggested three ways that appellant could have preserved the restitution issues: by objecting to the imposition of restitution (presumably at the sentencing hearing); by including the issues in the motion for new trial; or by amending his motion for new trial to include the restitution issues. *Id.* But the court of appeals's analysis ignores the fact that it was impossible for appellant to raise the restitution issues in any of these forums, since the written judgment containing the restitution order was issued *after* each of these supposed opportunities. *Cf. Bailey v. State*, 160 S.W.3d 11, 16 (Tex. Crim. App. 2004) ("[appellant] could not have appealed a decision granting restitution because there was no restitution award to appeal.").

Appellant raised two issues concerning restitution in the court of appeals: that his orally

pronounced sentence was different from the sentence in the written judgment and the oral pronouncement should control; and that the amount in the written judgment improperly included losses from alleged victims not named in the indictment. These issues arose when restitution was ordered in the written judgment. Although each of the three forums suggested by the court of appeals for preservation was available to appellant, they were available to him only before the written judgment issued and therefore could not have been used to challenge a judgment that did not yet exist.[5]

Appellant could not have objected during the oral pronouncement because at that point, he could not have known that the sentence in the written judgment would be different from the orally pronounced sentence, or that there might be error in the amount of restitution. Similarly, when appellant filed his motion for new trial on January 15, 2009, the written judgment had not yet issued, so appellant could not have known to include the restitution issues in the motion. The trial court ruled on the motion for new trial that same day, thus preventing appellant from amending the motion to include the restitution issues.

We sustain appellant's grounds for review one, two, and three.

### B. Amount of restitution

Appellant argues in his fourth issue that "the restitution order is an illegal sentence because it orders payment to non victims who are not named in the indictment." The court of appeals did not reach the merits of this issue because it found that the issue was not preserved. We find that, in the

---

[5] We assume, *arguendo*, that appellant found out about the restitution order at the earliest possible moment —when the written judgment issued. However, we note that the record does not reflect when appellant became aware of the grounds for his complaint, and it is unlikely that appellant found out about the restitution order immediately after the written judgment issued. Appellant's appointed trial counsel had already been dismissed, appellant had begun serving his sentence, and there is no requirement that inmates be served with their written judgment.

circumstances surrounding the judgment, applicant did not forfeit his complaint as he had no opportunity to object and therefore could not have preserved error. We remand appellant's fourth ground for review to the court of appeals.

## III. Conclusion

Because the court of appeals found that appellant's restitution issues had not been preserved and therefore did not reach their merits, we reverse the judgment of the court of appeals and remand this cause to that court to address the merits of appellant's complaints: whether the trial court erred in including a restitution order in the written judgment; or, in the alternative, whether the trial court impermissibly included in the restitution order losses from victims not named in the indictment.

Delivered: April 17, 2013
Publish



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1280-11

## LEMUEL CARL BURT, Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The trial judge told the parties on the record that if they agreed on the amount of restitution, there would be no need for a hearing, but if they could not agree, a hearing would be held:

> We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all can't come up with an agreed figure, then we will have to have a hearing on it at some point in the future, okay? And the sooner, the better.

There are two points to be made here. First, no hearing was held, so—given the trial court's instructions—it is reasonable to conclude that the parties did reach an agreement about restitution. A restitution order was entered the next day, which was the day the judgment was signed. Is it really conceivable that, after the above comment, the judge entered a restitution order without believing that the parties had reached an agreement?

Second, there was no objection to the restitution order. The Court contends that appellant had no opportunity to object, but I must disagree. If the parties did not agree to the amount of restitution in the restitution order, then a motion for new trial would be the appropriate method to adduce that fact.

The Court contends that appellant could not have raised a complaint about restitution in a motion for new trial because appellant's motion for new trial was filed and denied before the restitution order was entered.[1] Assuming *arguendo* that the record supports the Court's assertion regarding the timing of events, appellant could have asked the trial judge to rescind his order denying the motion for new trial. "[A]n order granting or denying a motion for new trial may be freely rescinded so long as such action occurs within the 75 days provided by the rules."[2] If the trial judge rescinded the order, then appellant could have filed an amended motion for new trial.[3] And if the judge did not rescind the order, appellant's complaint about the restitution order would appear plainly in the record on appeal.

I respectfully dissent.

Filed: April 17, 2013
Publish



A True Copy
Attest:
Abel Acosta, Clerk
Court of Criminal Appeals of Texas
By: _____
Deputy

---

[1] TEX. R. APP. P. 21.4 ("Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.").

[2] *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). *See also In re Brookshire Grocery Company*, 250 S.W.3d 66, (Tex. 2008) ("Our holding today does not preclude a party whose motion for new trial has been overruled from continuing to seek a new trial while the trial court is still empowered to act. . . . thus, the losing party may ask the trial court to reconsider its order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting a new trial within its period of plenary power").

[3] *See* this opinion, footnote 1. In any event, the State can forfeit a complaint that an amendment to the motion for new trial is unauthorized, and if such a forfeiture occurs, the trial judge has the power to grant relief on the amended motion. *Clarke v. State*, 270 S.W.3d 573, 580-81 (Tex. Crim. App. 2008); *Moore v. State*, 225 S.W.3d 556, 568-69 (Tex. Crim. App. 2007).