

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00238-CR**

RODERICK A. WILLIAMS                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I respectfully concur with the majority opinion. Williams's sole issue is that his sentence was excessive and disproportionate, but he did not object to his sentence at the time it was imposed or complain about it in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort

---

[1]*See* Tex.R.App. P. 47.4.

Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). The court of criminal appeals has explained,

> Preservation of error is a systemic requirement on appeal. If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue. Ordinarily, a court of appeals should review preservation of error on its own motion, but if it does not do so expressly, this Court can and should do so when confronted with a preservation question.

*Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (quoting *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009)); *see Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).

Because Williams did not raise his complaint in the trial court, the complaint is forfeited. I would overrule his issue based on preservation. Because the majority instead reaches the merits of Williams's complaint, I respectfully concur.

/s/ Sue Walker
SUE WALKER
JUSTICE

MCCOY, J., joins.

2

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)


DELIVERED:  April 24, 2014