

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1711-13

**MELISSA ANN MERCER, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
BEE COUNTY**

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

I join this Court's majority opinion and its judgment reversing and remanding this

case to the court of appeals. I write separately to address my reasoning with respect to the

analysis in the court of appeals' opinion regarding (1) preservation of error, and (2) the

propriety of an order for reimbursement for incarceration in a county jail as a condition of

state-jail felony probation. *See Mercer v. State*, No. 13-13-00150-CR, 2013 WL 6055271,

at *2 (Tex. App.—Corpus Christi Nov. 14, 2013) (mem. op.) (not designated for

publication).

## I. Preservation of Error

As this Court's majority opinion points out, the pertinent question in this case is whether the trial court properly ordered appellant to pay $160 in reimbursement in its final judgment revoking community supervision and sentencing her to imprisonment. Although I agree with the majority opinion that the court of appeals erred by addressing preservation of error as to the wrong juncture of the proceedings, I take this opportunity to additionally point out that the court of appeals did properly describe the law with respect to preservation of error. The court of appeals noted that a person may not be held to have forfeited error when he has not had an opportunity to object. *See Burt v. State*, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013) ("The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there[,]" and "if an appellant never had the opportunity to object, then he has not forfeited error").

The record appears to suggest that the trial court's oral pronouncement at the time of sentencing did not give appellant clear notice that she would be required to reimburse the county for the costs of her prior incarceration. After revoking appellant's community supervision and sentencing her to two years' confinement in a state-jail facility, the trial court's oral pronouncement ordered her to pay "the balance of the unpaid fine, fees, costs, and restitution, if it can be collected, on a state jail case, which I don't think it really can be." The trial court referred to "restitution," a matter described in Article 42.037, rather than

"reimbursement" for incarceration, a matter described in Article 42.038(b). *Compare* TEX. CODE CRIM. PROC. art. 42.037(a) (providing for restitution for crime victims), *with* TEX. CODE CRIM. PROC. art. 42.038(b) (providing for reimbursement for confinement expenses). And the trial court did not orally pronounce the amount of "restitution" owed by appellant to reimburse the county for her incarceration. *See Burt*, 396 S.W.3d at 578-79. Although the record seems to suggest that the oral pronouncement did not fairly apprise appellant of her need to assert an objection on the basis that the trial court could not order reimbursement for the costs of her prior confinement in the county jail, I agree with this Court's majority opinion that this is a matter for resolution in the first instance by the court of appeals on remand.

## II. Reimbursement for Incarceration in County Jail in State-Jail Felony Probation

Although I agree with this Court's majority opinion that remands this case for the court of appeals to more specifically decide whether the trial court erred by including the unpaid amounts of reimbursement in its judgment of revocation, I write separately to address the court of appeals' broader holding that the trial court was not authorized to order reimbursement for the costs of confinement in a county jail. The court of appeals broadly held that reimbursement was not permitted even as a condition of community supervision. If it was correct on that point, and assuming that error was preserved, the court of appeals would have properly deleted the reimbursement amount from the trial court's judgment sentencing appellant to imprisonment because the inclusion of reimbursement in the final

judgment was predicated on the fact that appellant had not paid the reimbursement ordered as a condition of her community supervision. In short, if appellant is correct as to her broader contention that reimbursement may not be included as a condition of community supervision, then this Court would be required to remand for only an analysis of preservation of error.

The court of appeals stated, "[W]e see nothing in the statute that authorizes the trial court to order a probationer in a felony case to reimburse the cost of her confinement." *See Mercer*, 2013 WL 6055271, at *2.[1] I disagree with this statement of the law by the court of appeals. I conclude that a trial court may order a non-indigent defendant on community supervision for a state-jail felony case to reimburse a county for the costs of confinement. A judge sentencing a person to state-jail felony community supervision may "impose any condition of community supervision on a defendant that the judge could impose on a defendant placed on supervision for an offense other than a state jail felony." TEX. CODE CRIM. PROC. art. 42.12, § 15(c)(1). Because he may be subject to any of the conditions that might be imposed on a misdemeanor defendant on community supervision, a non-indigent defendant on community supervision for a state-jail felony may be required to reimburse the county for the costs of her confinement in a county jail as a condition of community supervision. *See* TEX. CODE CRIM. PROC. art. 42.038(b), (c) (court that requires misdemeanor

---

[1]    The issue in this case is whether the trial court may include, in its judgment revoking community supervision and sentencing a defendant to prison, unfulfilled amounts that had been ordered only as a condition of community supervision. In my mind, those amounts ordered only as part of a community supervision are characteristically different from amounts in a trial court's judgment that are to be paid as part of the court's judgment, regardless of the community supervision, such as the Bill of Costs.

probationer to "submit to a period of confinement in a county jail as a condition of community supervision may also require as a condition of community supervision that the defendant reimburse the county for the defendant's confinement," so long as the defendant is not indigent).[2] Furthermore, the Code generally permits a trial court to "impose any reasonable condition" as a condition of community supervision. *See* TEX. CODE CRIM. PROC. art. 42.12, § 11(a) (listing possible conditions of community supervision including multiple types of reimbursements and permitting judge to generally "impose any reasonable condition"). Because the Code permits a trial court to order reimbursement for jail time served as a condition of community supervision for non-indigent state-jail defendants, I conclude that the court of appeals erred by holding that no statute authorized the trial court's order for reimbursement as a condition of community supervision.

Unlike the broader question that asks whether a trial court may order reimbursement

---

[2] Article 42.038(a) states, "In addition to any fine, cost, or fee authorized by law, a court that sentences a defendant convicted of a misdemeanor to serve a term of confinement in county jail and orders execution of the sentence may require the defendant to reimburse the county for the defendant's confinement at a rate of $25 a day." TEX. CODE CRIM. PROC. art. 42.038(a). Article 42.038(b) states that when reimbursement for confinement in a county jail is ordered as a condition of community supervision, "the amount of reimbursement [is to be] determined as if the defendant were serving an executed sentence." TEX. CODE CRIM. PROC. art. 42.038(b). Furthermore, a trial court may not require reimbursement if the judge determines that "the defendant is indigent[.]" TEX. CODE CRIM. PROC. art. 42.038(c). Here, the trial court required appellant to pay $40 per day, and the record suggests that appellant was indigent. Because this Court remands the case for consideration of whether the trial court's reimbursement order was proper, this Court does not reach the merits on the question whether the trial court made any determination that appellant was not indigent when it ordered reimbursement. Any determination on the merits must be made by the court of appeals if the matter has not been forfeited due to the lack of a trial objection or argument on appeal.

of this sort as a condition of community supervision, the more specific question here, as noted by the majority opinion, is whether that reimbursement amount may be included in a judgment revoking community supervision and sentencing a defendant to a term in a state-jail facility. That question was not addressed by the court of appeals. But, perhaps the question was not addressed because appellant did not adequately make that argument to that court. It is not entirely clear to me that appellant has adequately presented that challenge in her appellate briefs, which largely focus on the propriety of the reimbursement order in her conditions of community supervision. In her appellate brief to the court of appeals, however, a small portion of it asserts that the complained-of fees were ordered when the trial court had sentenced her to imprisonment. To that extent, I conclude that the court of appeals should address whether appellant, by failing to adequately present the argument in her appellate brief, has forfeited her complaint as to the inclusion of reimbursement for the costs of her prior county-jail confinement in the trial court's judgment sentencing her to prison.

Assuming that appellant's brief to the court of appeals presented the argument that the trial court may not order reimbursement for her confinement in a county jail upon revocation of a state-jail community supervision, then the merits of that issue become extremely complex. The Code of Criminal Procedure lists in detail what may be included in a trial court's judgment, and reimbursement for the costs of incarceration is neither included in the list nor does it appear in another section of the Code that requires the judgment to include restitution and reparation. *See* TEX. CODE CRIM. PROC. art. 42.01 (listing items that "shall"

be reflected in the judgment and specifically listing restitution in § 1(25)); TEX. CODE CRIM. PROC. art. 42.12, § 23(a) (stating, "The judge shall enter the amount of restitution or reparation in the judgment in the case.").[3] Regardless, even though it is not specifically listed in the Code, a trial court may have in its general power the authority to order this type of reimbursement under these circumstances in which the reimbursement had been a properly included, unfulfilled condition of community supervision. If the issue has not been forfeited due to appellant's failure to object at her revocation hearing or for inadequate briefing, then it presents a difficult question of apparent first impression needing resolution in the court of appeals.

With these comments, I join the majority opinion.

Filed: January 14, 2015

Publish

---

[3] The Code requires that a judgment include the amount of any "reparation" owed by the defendant. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(a). The reimbursement at issue in this appeal could possibly fit within the broadly understood definition of the word "reparation," which is undefined in the Code. Black's Law Dictionary defines "reparation" as the "act of making amends for a wrong." BLACK'S LAW DICTIONARY 1490 (10th ed. 2014). Because a defendant sentenced to confinement in county jail as a condition of community supervision is making amends for his wrong against society, it is possible that the trial court's order of reimbursement to the county for that incarceration could be classified as an order of reparation. It is also possible, however, that reparation was intended solely for the victim of an offense and was merely an alternative phrasing for restitution. It may be necessary to examine all the extra-textual factors to answer the question whether reparations include this type of reimbursement.