

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00450-CR

JONATHAN BRANDON LEWIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1249159D

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a judgment revoking deferred adjudication community supervision and adjudicating guilt. In 2012, Appellant Jonathan Brandon Lewis pleaded guilty, pursuant to a plea agreement, to aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). Following this plea, the trial court placed Lewis on six years' deferred

---

[1]*See* Tex. R. App. P. 47.4.

adjudication community supervision and imposed a $600 fine. In 2015, the State filed its third petition to proceed to adjudication, alleging that Lewis had failed to report to his supervision officer as ordered in July 2015 and that he had been discharged from the Salvation Army's aftercare program on July 23, 2015, for violating house rules and for failing to follow through on his behavioral contract. Lewis pleaded true to both allegations. The trial court found the State's allegations to be true, revoked Lewis's deferred adjudication community supervision, adjudicated his guilt of the offense of aggravated robbery with a deadly weapon, and sentenced him to fifteen years' confinement. In a single issue, Lewis argues that the fifteen-year sentence imposed by the trial court is excessive and disproportionate. We will affirm.

Lewis concedes that he did not object to his punishment when it was imposed, nor did he raise this complaint in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Lewis did

not raise his complaint in the trial court, the complaint is forfeited.[2]  We overrule

Lewis's sole issue.

Having overruled Lewis's sole issue, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 7, 2016

---

[2]Even if we were to reach the merits of Lewis's complaint, his punishment is within the statutory limits for the offense.  *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 29.03(b).  Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "'exceedingly rare'" situations. *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

3