

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00473-CR

MARQIEST JAMAL LUSK                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1374649D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Marqiest Jamal Lusk pleaded guilty, without a plea-bargain agreement, to the offense of injury to a child causing bodily injury. *See* Tex. Penal Code Ann. § 22.04(f) (West Supp. 2015). The trial court accepted Lusk's plea and ordered the preparation of a presentence investigation report (PSI). After reviewing the PSI and hearing evidence during the sentencing hearing, the trial court found Lusk guilty of injury to a child causing bodily injury and

---

[1]*See* Tex. R. App. P. 47.4.

sentenced him to ten years' confinement. In his sole issue, Lusk argues that his ten-year sentence is excessive and disproportionate under the Eighth Amendment. We will affirm.

Lusk neither objected on the preceding ground to his punishment when it was imposed nor raised that ground in a motion for new trial. We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that disproportionate-sentence claim was forfeited); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Lusk did not raise his disproportionate-sentence claim in the trial court, it is forfeited.[2] We overrule Lusk's sole issue.

---

[2]Even if we were to reach the merits of Lusk's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (providing that a third-degree felony is punishable by two to ten years in prison and by a fine of up to $10,000), § 22.04(f) (providing that an offense under subsection (a)(3) or (a-1)(3) of the injury-to-a-child statute is a third-degree felony). Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 23, 2016