

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00145-CR

JUSTIN BURL POPE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1438809R

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Justin Burl Pope entered an open plea to the offense of aggravated sexual assault of a child younger than fourteen years of age. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp. 2016). The trial court found Pope guilty and sentenced him to thirty-five years' confinement. The trial

---

[1]*See* Tex. R. App. P. 47.4.

court also assessed court costs of $639, of which $133 constituted consolidated court costs assessed pursuant to section 133.102 of the local government code. *See* Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2016).

In two points, Pope argues that his thirty-five-year sentence is grossly disproportionate to the offense in violation of the Eighth Amendment and that a portion of the consolidated court costs were unconstitutionally assessed as a violation of the Separation of Powers Clause of the Texas constitution. For the reasons set forth below, we will affirm.

## II. EIGHTH-AMENDMENT CHALLENGE

In his first point, Pope argues that his thirty-five-year sentence violates the Eighth Amendment because his sentence is grossly disproportionate to the offense for which he was convicted. Pope, however, did not object on Eighth Amendment grounds to his punishment when it was imposed, nor did he raise Eighth Amendment grounds in a motion for new trial. We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that disproportionate-sentence claim was forfeited); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the

2

punishment hearing, or when the sentence is pronounced."). Because Pope did not raise his disproportionate-sentence claim in the trial court, it is forfeited.[2] We overrule Pope's first point.

### III. COURT-COSTS CHALLENGE

In his second point, Pope argues that a portion of the consolidated court cost was unconstitutionally assessed as a violation of the Separation of Powers Clause of the Texas constitution.

Section 133.102(a)(1) states that a person convicted of an offense shall pay as court costs, in addition to all other costs, $133 on conviction of a felony. Tex. Loc. Gov't Code Ann. § 133.102(a)(1). Section 133.102(e) further requires the comptroller to allocate the $133 court costs to fourteen accounts and assigns percentages to each account. *Id.* § 133.102(e).

The Texas Court of Criminal Appeals recently examined the fourteen accounts listed in section 133.102(e) and determined that two accounts were not related to a legitimate criminal justice purpose but were more accurately

---

[2]Even if we were to reach the merits of Pope's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.32 (West 2011) (providing that a first-degree felony is punishable by five to ninety-nine years in prison and by a fine of up to $10,000), § 22.021(e) (providing that aggravated sexual assault of a child younger than fourteen years of age is a first-degree felony). Punishment that is imposed within the statutory limits and that is based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Pope's case does not present an "exceedingly rare" situation.

characterized as a tax, thus rendering section 133.102 facially unconstitutional. *See Salinas v. State*, 523 S.W.3d 103, 109–10, 113 (Tex. Crim. App. 2017) (holding that subsections (e)(1) and (6), which allocated portions of the $133 consolidated court cost to comprehensive rehabilitation and abused children's counseling, violated the Separation of Powers provision of the Texas constitution). The remedy was to modify the judgment to change the $133 consolidated court cost to $119.93. *Id.* at 113. The court of criminal appeals, however, limited the application of its holding to the following:

> [W]e will also apply our constitutional holding in this case to any defendant who has raised the appropriate claim in a petition for discretionary review before the date of this opinion, if that petition is still pending on the date of this opinion and if the claim would otherwise be properly before us on discretionary review. Otherwise, our holding will apply prospectively to trials that end after the date the mandate in the present case issues.

*Id.* The court of criminal appeals further stated in a footnote following the previous paragraph that if the legislature redirected the funds in sections (e)(1) and (6) to a legitimate criminal justice purpose, then the entire consolidated court cost "may be collected. If that occurs before mandate issues, the only cases that will be affected by this opinion will be the few that are now pending in this Court and are appropriate for relief." *Id.* at n.54. The legislature did exactly what the court of criminal appeals had suggested in its footnote; it deleted former sections (e)(1) and (6), added their percentages to the fair defense account in former section (e)(14), and made the new percentage effective June 15, 2017, which

4

preceded the mandate that issued in *Salinas* on June 30, 2017. *See* Tex. Loc. Gov't Code Ann. § 133.102(e) (West, Westlaw through 2017 R.S.).

Here, Pope argues that *Salinas* applies to reduce the $133 consolidated court cost he was assessed because his trial concluded and sentence was imposed on April 10, 2017—one month after the opinion in *Salinas* was issued. Yet, as a result of the legislature's act of redirecting the funds in (e)(1) and (6) to other subsections of section 133.102(e) prior to the issuance of mandate in *Salinas*, the only defendants now entitled to relief under *Salinas* are those with petitions for discretionary review that raised this claim and were pending at the time *Salinas* was issued. Pope, however, does not fall within this sole scenario; thus, the holding in *Salinas* does not apply here. *See Williams v. State*, No. 12-17-00135-CR, 2017 WL 3499947, at *1 (Tex. App.—Tyler Aug. 16, 2017, no pet. h.) (mem. op., not designated for publication) (holding that *Salinas* did not apply to reduce $133 consolidated court cost when no petition for discretionary review was pending on appellant's claim). Accordingly, we sustain Pope's second point to the extent it challenges the specific subsections of 133.102(e) that were held unconstitutional in *Salinas*, but we are precluded from modifying the total amount of the court costs that Pope was assessed to delete the portions of the $133 consolidated court cost associated with those subsections. *See Salinas*, 2017 WL 915525, at *6; *Horton v. State*, No. 02-16-00229-CR, 2017 WL 1953333, at *5 (Tex. App.—Fort Worth May 11, 2017, pet. filed); *Hawkins v. State*, No. 02-16-

5

00104-CR, 2017 WL 1352097, at *3 (Tex. App.—Fort Worth Apr. 13, 2017, pet. filed).

## IV. CONCLUSION

Having overruled Pope's first point and having sustained Pope's second point to the extent that sections 133.102(e)(1) and (6) are unconstitutional but having recognized the limitation placed on our ability to reform the judgment to delete the portions of the $133 consolidated court cost related to those subsections and having overruled Pope's first issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 28, 2017

6