**Affirmed and Opinion Filed May 31, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00528-CR

### TIMOTHY SIM SMITHERMAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-50887-T**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Breedlove

Appellant Timothy Sim Smitherman was convicted of continuous sexual abuse of a child after a jury trial and sentenced to a term of imprisonment of 35 years. Appellant appeals, complaining in two issues that the evidence was legally insufficient to support the conviction and that appellant's common law right to allocution was violated. We affirm the trial court's judgment.

## I. BACKGROUND

Appellant was charged via indictment with having committed continuous sexual abuse of A.V. by having used his finger to penetrate her female sexual organ

and by having caused contact between the hand of A.V. and appellant's own genitals. Appellant and A.V.'s mother (Mother) had lived as a family from the time A.V. was an infant until the relationship between Mother and appellant ended, sometime when A.V. was around 11 or 12 years old. Appellant was like a father to A.V.

Mother testified that A.V. was playful and happy as a young child but that her behavior changed when she was about eight or nine years old. At that time, A.V. became angry, withdrawn, and began having nightmares, difficulty eating, and difficulty sleeping. A.V. began acting uncomfortable around men and would jump if someone touched her. A.V. also began getting into trouble at school, was moved between several middle and high schools, and stopped calling appellant "Dad" around the same time.

Appellant testified that the abuse began when the family lived in Mississippi when she was "really young." A.V. crashed her bicycle riding down a hill and hurt her vagina. Mother and appellant looked at her vaginal area, and appellant remarked that they "need[ed] to make sure that nobody [was] doing anything to [her]." Soon thereafter, appellant began touching her inappropriately. According to A.V., the first time appellant abused her, she was sleeping in her parents' bed with appellant while Mother was at work. Appellant reached his hand inside A.V.'s pajama pants and touched her vagina with his hand. Appellant asked her if anyone had ever touched her before and if it hurt. A.V. said it hurt when appellant put his finger inside of her vagina but that she was scared to tell him. A.V. testified that appellant touched her

–2–

inappropriately multiple times while the family resided in Mississippi. Appellant would also make her feel uncomfortable because he would often enter the bathroom while she was taking a bath or shower and watch her bathe before washing her vagina for "a really long time."

A.V. testified to several other incidents where appellant touched her vagina, as well as an incident when appellant pulled his penis out of his boxers and made A.V. touch it. She also testified that when she was 11 or 12 years old, appellant began touching A.V.'s breasts and making comments about her breasts getting larger. Around the same time, Mother and appellant began having marital problems. Eventually, Mother moved out of the home with all the children, but A.V.'s three younger brothers later went to live with appellant.

A.V. testified that she often visited her brothers at appellant's home and that she also lived with them for a brief period of time. When she moved in with appellant, he had not abused her in a "very long time," but shortly after she moved in, appellant came to get her from her brothers' room, took her to his room, and touched her vagina. She moved out of appellant's house after the incident but did not tell anyone what had happened.

On March 15, 2018, when A.V. was 15 years old, A.V. and Mother argued, and A.V. snuck out of the house. Mother learned that A.V. had gone with her friend to the Wilmer Police Department because her friend was taking food to her own mother, who was a dispatcher at the police department. According to A.V., she was

upset and crying at the police department and one of the officers asked A.V. what was wrong. A.V. told the officer that she had argued with her mother; one of the officers then called Mother, who came to the police station. According to A.V., she and Mother argued again in the car, and A.V. said something to the effect of "at least your dad didn't touch you all your life." Mother testified that A.V. was crying and shaking and had said something like, "Tim's touching me. Tim's been touching me since I was a little girl." Mother immediately went inside the police station and made a report.

Mother took her to the Dallas Children's Advocacy Center for a forensic interview, met with CPS, and took A.V. to counseling for sexual abuse. Jessica Parada conducted A.V.'s forensic interview on March 20, 2018. A.V. made an outcry of abuse during the interview.

At trial, appellant testified in his own defense. He denied any sexual contact between himself and A.V. and testified that A.V. had lied about the abuse to help Mother obtain custody of their three sons. The jury found appellant guilty of continuous sexual abuse of a young child as charged in the indictment and assessed a sentence of 35 years' confinement. Appellant filed a motion for new trial which was overruled by operation of law. TEX. R. CIV. P. 329b(c).

Appellant appealed the trial court's judgment on May 27, 2022. In his first issue, appellant complains that the trial court's judgment of conviction must be reversed or vacated and an order of acquittal must be entered in appellant's favor

–4–

because the guilty verdict was not rational to the high degree of certainty required by the standard of beyond a reasonable doubt, such that appellant's conviction was based on evidence of a legally insufficient nature and quality. In response, the State argues that it presented legally sufficient evidence to support appellant's conviction for continuous sexual abuse of a young child. In his second issue, appellant argues that the trial court violated appellant's common law right to allocution, such that appellant should receive a new punishment hearing at which appellant's common law right to allocution is not violated, but is instead respected and fully implemented. In response, the State argues that appellant did not object to the trial court's allocution procedure, so his complaint is not preserved for appellate review.

The State also argues in a single cross-point that the judgment should be modified to reflect that the sex-offender registration requirements apply and that L.P. was younger than fourteen years of age at the time of the offense. The State also argues that the judgment should be modified to include an affirmative finding that the victim was younger than fourteen years of age at the time of the offense.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues that the evidence is legally insufficient to support the verdict because appellant completely and unequivocally denied committing any offense and because the circumstances and content of A.V.'s outcry were irrational.

## A. Standard of Review

In determining whether the evidence is sufficient to support a criminal conviction, we apply well-established standards. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979). We view the evidence in the light most favorable to the verdict and determine whether a rational jury could have found all the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 313; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury, as the fact-finder, may make reasonable inferences from the evidence presented at trial in determining appellant's guilt. *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007). When there is conflicting evidence, we presume the fact-finder resolved those conflicts in favor of the verdict and defer to that resolution so long as it is supported by the evidence. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We also defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. Our role as an intermediate appellate court is restricted to guarding against the "rare occurrence when a factfinder does not act rationally." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (quoting *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009)).

## B. Discussion

To convict appellant of sexual abuse of a young child, the State had to prove that he committed two or more acts of sexual abuse of A.V. during a period of thirty days or more when A.V. was younger than fourteen and appellant was seventeen or older. *See* TEX. PENAL CODE ANN. § 21.02(b). Here, the indictment alleged that the sexual abuse consisted of appellant touching and penetrating A.V.'s genitals with his finger and causing A.V. to touch his genitals with her hand.

Appellant focuses on A.V. and Mother's testimonies concerning the circumstances of A.V.'s outcry and A.V.'s decision to not reveal the alleged abuse to Mother earlier "[d]espite knowing that she could always tell her mother about anything bad that had happened to her." He urges that no rational trier of fact could find A.V.'s testimony credible, especially in light of his unequivocal denial of any wrongdoing. A.V.'s testimony alone, however, is sufficient to sustain the verdict. *See Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07(a) and *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. denied)). The existence of contrary evidence is not enough to sustain a sufficiency of the evidence challenge. *See Lee*, 186 S.W.3d at 656 (citing *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)). Moreover, in conducting a sufficiency review, "our role is not to become a thirteenth juror." *Isassi*, 330 S.W.3d at 638.

Here, the jury was charged with weighing the evidence and assessing the witnesses' credibility, and we do not reweigh the evidence. *See Cardenas v. State*,

30 S.W.3d 384, 389–390 (Tex. Crim. App. 2000). A.V. testified to several acts of sexual violence against her while she was under the age of 14 and while appellant was over the age of 17, and those acts spanned a period of more than 30 days. Viewing the evidence in a light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was guilty of continuous sexual abuse of A.V., a child under fourteen years of age. *See Garner*, 523 S.W.3d at 271. We overrule appellant's first issue.

### III. ALLOCUTION

In his second issue, appellant argues that even if the court overrules his legal sufficiency challenge, the trial court violated appellant's common law right of allocution, and that as a result, he is entitled to a new punishment hearing. During the punishment hearing, the trial court asked appellant's counsel if he had "any legal reason why sentence cannot be pronounced against [his] client at this time?" Appellant's counsel responded that he did not.

### A. Applicable Law

"Allocution" refers to the trial court's asking a criminal defendant to speak in mitigation of the sentence to be imposed, but it has also "come to denote the accused person's speech in mitigation of the sentence, rather than the judge's address asking the accused to speak." *Johnson v. State*, No. 05-21-00785-CR, 2023 WL 3000572, at *2 (Tex. App.—Dallas Apr. 19, 2023, no pet. h.) (mem. op., not designated for publication) (citing *Eisen v. State*, 40 S.W.3d 628, 632 (Tex. App.—Waco 2001, pet.

ref'd) (quoting A Dictionary of Modern Legal Usage 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995))). Allocution is codified in current Texas law in article 42.07 of the code of criminal procedure. *Id.* Under that provision, "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07. The "only reasons" a sentence cannot be pronounced under the statute are:

> (1) That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged;

> (2) That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

> (3) When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

*Id.*

B. **Discussion**

"To complain on appeal of the denial of the right of allocution, whether statutory or one claimed under the common law, controlling precedent requires that a defendant timely object." *Johnson*, 2023 WL 3000572, at *2 (quoting *Casselberry v. State*, No. 05-22-00014-CR, 2022 WL 14381667, at *2 (Tex. App.—Dallas Oct. 25, 2022, no pet.) (mem. op., not designated for publication); *see also Gallegos–*

*Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication). Here, the trial court gave appellant an opportunity to speak at the punishment hearing regarding reasons why the sentence should not be pronounced. Appellant did not offer any reason in response to the court's question, nor did he object to the denial of statutory or common law allocution. He thus failed to preserve this issue for appeal. Although appellant raised this complaint in a motion for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing." *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013). Here, appellant had an opportunity to object in the punishment hearing to any denial of allocution; therefore, we conclude this issue is not preserved for our review. *See Loring v. State*, No. 05-18-00421-CR, 2019 WL 3282962, at *5 (Tex. App.—Dallas July 22, 2019, no pet.) (mem. op., not designated for publication) (concluding complaint that appellant was denied his common law right to allocution was not preserved for appellate review when first raised in motion for new trial). Accordingly, appellant's second issue is overruled.

## IV.  MODIFICATION OF JUDGMENT

In its sole cross-point, the State argues that the judgment should be modified to reflect that the sex-offender registration requirements apply and that A.V. was younger than fourteen years of age at the time of the offense. The State also argues that the judgment should be modified to include an affirmative finding that A.V. was

younger than fourteen years of age at the time of the offense. As rendered, the judgment does not have a mark in the box next to "Defendant is required to register as sex offender in accordance with Chapter 62, CCP." Further, the judgment shows "N/A" as the response to the blank at the end of the sentence, "(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A."

Chapter 62 of the code of criminal procedure governs the registration requirements for certain sex offenders. *See generally* TEX. CODE CRIM. PROC. ANN. Ch. 62, "Sex Offender Registration Program." A person who "has a reportable conviction" must register in accordance with code of criminal procedure article 62.051. *Id.* art. 62.051 (Registration: General). A violation of penal code 21.02 is a "reportable conviction" under article 62.001(5). *See* TEX. PENAL CODE ANN. § 21.02(b)(2)(A) (continuous sexual abuse of child younger than 14 years of age).

A judgment of conviction for an offense that requires sex-offender registration must contain the age of the victim. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(27). Because appellant's continuous sexual abuse of a young child qualifies as a registrable offense, the judgment must state the victim's age. *See id*. art. 62.001(5)(A). We sustain the State's cross-issue and modify the judgment to state "The age of the victim at the time of the offense was under the age of fourteen."

The State also requests that the judgment include a special finding stating the complainant was "less than fourteen at the time of the offense." For sexually violent offenses, the judge "shall make an affirmative finding of fact and enter the

affirmative finding in the judgment if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense." *Id*. art. 42.015(b). The affirmative finding that the complainant was younger than fourteen triggers the prohibited-employment provisions of the sex-offender-registration program. *Id*. art. 62.063(b). The State argues the trial court should have entered the following into the special findings section: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense." *See Vasquez v. State*, No-05-20-00116-CR, 2022 WL 2951667, at \*8 (Tex. App.—Dallas July 26, 2022, no pet. h.) (mem. op., not designated for publication). We agree and modify the judgment accordingly.

We have the authority to correct the trial court's judgment to make the record "speak the truth" when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2; *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1992, pet. ref'd). The record here includes such information, including that A.V. was younger than 14 years old at the time of the offense. We therefore sustain the State's cross-point and modify the judgment to: (1) reflect that the sex-offender registration requirements apply; (2) reflect that A.V. was under the age of fourteen at the time of the offense; and (3) to include an affirmative finding that A.V. was younger than fourteen years of age at the time of the offense.

## V.    CONCLUSION

We resolve both of appellant's issues against him and sustain the State's cross-point and modify the judgment accordingly.  As modified, the trial court's judgment is affirmed.

/Maricela Breedlove//

220528f.u05

MARICELA BREEDLOVE

Do Not Publish

JUSTICE

TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TIMOTHY SIM SMITHERMAN,
Appellant

No. 05-22-00528-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-50887-T.
Opinion delivered by Justice
Breedlove. Justices Nowell and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 31st day of May, 2023.