**Affirmed and Memorandum Opinion filed August 8, 2024.**



In The

# Fourteenth Court of Appeals

**NO. 14-23-00281-CR**
**NO. 14-23-00282-CR**
**NO. 14-23-00286-CR**

**LEONARD WALTON FUSSELMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 17-DCR-080375, 17-DCR-080376A, and 17-DCR-080374A**

## MEMORANDUM OPINION

Appellant pleaded guilty, without an agreed recommendation for punishment, to three counts of possession with intent to promote child pornography. The trial court assessed punishment at confinement for six years on each count to be served consecutively. In a single issue on appeal, appellant contends that his sentences are grossly disproportionate to the crime committed in

violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *See* U.S. Const. amend. VIII. The State contends that appellant failed to preserve error. Appellant does not respond to the State's argument.

Except for some narrow categorical challenges, "Eighth Amendment challenges are forfeited if not raised in the trial court." *Davis v. State*, 586 S.W.3d 586, 590 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd); *see Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding that the appellant failed to preserve error because he "never objected at trial concerning cruel and unusual punishment"); *see also Compton v. State*, 666 S.W.3d 685, 728–29 (Tex. Crim. App. 2023) (noting that one of the court's prior decisions—holding a juvenile did not forfeit by inaction a claim that a mandatory life-without-parole sentence violated the Eighth Amendment—did "not broadly apply to all Eighth Amendment 'individualized sentencing' claims"). "A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced," and sometimes by a motion for new trial. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013).

The record does not show that appellant raised his Eighth Amendment complaint in the trial court. Thus, appellant has not preserved error. *See* Tex. R. App. P. 33.1; *Curry*, 910 S.W.2d at 497; *Davis*, 586 S.W.3d at 590–91.

Appellant's sole issue is overruled.  The trial court's judgments as modified nunc pro tunc are affirmed.[1]

/s/    Ken Wise<br>
Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b)

---

[1] The nunc pro tunc modifications specify that the sentences shall run consecutively as follows: (1) cause number 17-DCR-080374A; (2) cause number 17-DCR-080375; and cause number 17-DCR-080376A.