

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00192-CR

———————————————————

LINITRA ENGLISH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F23-589-462

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Linitra English appeals from her conviction for driving while intoxicated third or more and attempts to challenge the factual sufficiency of her four-year sentence. Because she cannot raise this issue, and has not otherwise preserved error regarding the length of her sentence, we affirm.

## The Sentencing Hearing

English pleaded guilty to driving while intoxicated third or more, a third-degree-felony offense, in exchange for the State's waiving an enhancement that, if found true, would have increased the punishment range to a second-degree felony. During English's punishment hearing, the trial court considered a 911 call; heard from witnesses, including the investigating and arresting officers; watched available video footage of English's standard field sobriety testing; and examined English's warrant blood-draw result (which was three times over the legal limit).

The trial court also reviewed evidence of English's criminal history—including two prior DWI convictions and multiple assaults—as well as other arrests. English and her pastor presented evidence about English's life, education, substance-abuse struggles, criminal conduct, and goals.

Ultimately, the trial court sentenced English to four years' confinement—which falls within the prescribed sentencing range of two–ten years and, in fact, falls below the midpoint of that range. *See* Tex. Penal Code Ann. §§ 12.34(a), 49.09(b)(2). English

neither objected to her sentence when imposed nor complained about it through a motion for new trial.

## Analysis

In her sole issue, English urges us to conduct a factual-sufficiency review of her sentence, citing two past-their-shelf-life cases that used the factual-sufficiency standard of review formerly applicable to convictions: *Watson v. State*, 204 S.W.3d 404, 405 (Tex. Crim. App. 2006) and *Clewis v. State*, 922 S.W.2d 126, 128 (Tex. Crim. App. 1996). In *Brooks v. State*, the Court of Criminal Appeals eliminated factual-sufficiency reviews of the elements the State must prove beyond a reasonable doubt, overruling *Clewis* and its factual-sufficiency-review progeny. 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see Walker v. State*, No. 02-16-00418-CR, 2018 WL 1096060, at *2 n.5 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication).

Although English's brief cites *Brooks*, she does not discuss why it would nevertheless still apply to punishment challenges. It does not. *See Walker*, 2018 WL 1096060, at *2 n.5; *see also Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." (footnotes omitted)).

3

As we have repeatedly held, "the factual[-]sufficiency standard of review does not apply to complaints about the length of a sentence . . . ." *Maloy v. State*, No. 02-23-00302-CR, 2024 WL 4631290, at *3 (Tex. App.—Fort Worth Oct. 31, 2024, no pet. h.) (mem. op., not designated for publication) (quoting *Arnold v. State*, No. 02-23-00128-CR, 2023 WL 8940397, at *6 & n.21 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.) (mem. op., not designated for publication) (citing *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013))); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Accordingly, we hold that English may not raise a factual-sufficiency complaint to her sentence, and we overrule her sole issue.[1]

## Conclusion

Having overruled English's sole issue, we affirm the trial court's judgment.

---

[1]English couches her argument as a factual-sufficiency complaint. But even were we to interpret English's argument as claiming that she received a grossly disproportionate sentence, we would find that English failed to preserve error on such an issue because she did not object to her sentence during the punishment hearing, when her sentence was pronounced, or through a motion for new trial. *See* Tex. R. App. P. 33.1; *Burt*, 396 S.W.3d at 577 ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."); *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding appellant failed to preserve complaint about alleged disproportionate sentencing); *Arnold*, 2023 WL 8940397, at *6 (holding appellant waived complaint about his sentence's length).

4

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2024