**Opinion filed August 25, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00155-CR
_____

## MICHAEL ANDREW GUERRA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 010874**

### M E M O R A N D U M   O P I N I O N

Michael Andrew Guerra pleaded not guilty to the second-degree felony offense of indecency with a child, and the jury convicted him of that offense.[1]  The jury assessed punishment at confinement for five years and a $2,500 fine, but it recommended that Appellant be placed on community supervision and that the fine not be suspended.  The trial court agreed with the jury's recommendation and

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2011).

sentenced Appellant to confinement for five years, but it suspended that sentence and placed him on community supervision for seven years; it also ordered that the $2,500 fine be paid. In one issue on appeal, Appellant asserts that the trial court erred when it overruled Appellant's objection to the testimony of a forensic interviewer that concerned the credibility of the complainant. We affirm.

## I. *The Charged Offense*

The grand jury alleged in the indictment that Appellant, with the intent to arouse or gratify his sexual desire, committed indecency with a child when he had Pseudonym 1073,[2] who was younger than seventeen years of age at the time of the offense, touch his genitals. A person commits the offense of indecency with a child if the person, with the intent to gratify the sexual desire of any person, engages in sexual contact with a child younger than seventeen years of age. PENAL § 21.11(a)(1).

## II. *The Evidence at Trial*

Appellant has not challenged the sufficiency of the evidence, but for context, we provide a brief summary of the evidence. Early in the morning on the date of the offense, three minors—V.C., V.T., and the complainant—sneaked out of V.C.'s house to walk several blocks to meet Appellant. V.C. was fourteen years old; V.T. was fifteen years old; and the complainant was twelve years old. Appellant, who was seventeen, was staying at his sister's house. He met the three girls in the backyard of his sister's house. Because it was cold outside, all four of them got into Appellant's sister's car, which was parked nearby.

The complainant and Appellant sat in the backseat of the car. The complainant said that they talked, kissed, and made out; V.C. also testified that the complainant and Appellant kissed and made out. V.C., who was in the front seat

_____

[2]Pseudonym 1073 was the name used by the State to identify the complainant. We will refer to her as the complainant.

initially, later moved to the backseat to the right of the complainant, who sat in the middle with Appellant on her left. V.T. testified that, at one point, Appellant said, "I got the boob." She also said that Appellant told the complainant, "Don't be scared to grab it," but the complainant denied that Appellant made this statement. About the same time, V.C. said, "Go ahead and get it over with." Appellant unzipped his blue jeans, and the complainant put her left hand inside his pants and underwear and touched his penis. The complainant testified that Appellant's penis felt "soft" and that it did not feel "wet." She did not move her hand, and Appellant did not move while she touched his penis. After about a minute, the complainant removed her hand from Appellant's penis. When interviewed by the police after the incident, V.C. said that the complainant had touched Appellant's penis. But at trial, V.C. testified that the complainant had put her hand in Appellant's pants but did not touch Appellant's penis.

A short time after the complainant removed her hand from Appellant's pants, all three girls left and returned to V.C.'s home. The complainant later told V.C. that she had touched Appellant's penis.

Approximately a week after the incident, the complainant's father learned from a text message that his daughter may have been involved in an incident with Appellant. The father called the complainant's mother, who confronted the complainant. The complainant admitted that the contact with Appellant had occurred. The complainant's father contacted the police, and less than one week later, the complainant was interviewed by Dianna Benavides, a forensic interviewer with the Abilene/Taylor County Child Advocacy Center. Benavides interviewed the complainant alone, and she made a video recording of the interview.

At trial, defense counsel asked Benavides, "I mean you're pretty confident you've got the most details that she could give you?" Benavides responded, "Yes.

I felt that she was telling me the truth about what happened." Defense counsel then said, "Your Honor, I'm going to object to that and ask that you instruct the jury not to consider that." The State responded to the objection by arguing that the answer was responsive to the question asked by defense counsel. The trial court overruled the objection. Defense counsel then asked, "Can I have an instruction to the jury to disregard that statement?" The trial court responded that it had overruled the objection. Immediately thereafter, defense counsel asked Benavides, "So you feel like you got all the details that she could give, is that fair?" Benavides responded, "Yes." Then defense counsel asked, "I didn't ask you if I thought you were telling the truth or not, but anyway, so you said that you felt like she was telling the truth, is that right?" Benavides responded, "Yes." Appellant complains that the trial court should not have allowed Benavides to testify about her belief as to the truthfulness of the complainant's testimony.

## III. *Standard of Review*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery*, 810 S.W.2d at 391.

## IV. *Analysis*

Appellant asserts that the trial court should have excluded the testimony of Benavides because she improperly testified about the truthfulness of the complainant. The State argues that Appellant did not preserve his issue for review and that, even if it was preserved, the trial court did not abuse its discretion and any error was harmless. As we explain below, we agree with the State that Appellant

4

failed to preserve his issue for review and that, if he had preserved the issue, the trial court, nonetheless, did not abuse its discretion when it admitted Benavides's testimony.

In order to preserve a complaint for appellate review, a party must present the trial court with a timely request, objection, or motion stating the specific grounds for the desired ruling if those grounds are not apparent from the context and must also obtain a ruling. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Failure to object when there was an opportunity to do so generally waives error. *Burt v. State*, 396 S.W.3d 574, 577–78 (Tex. Crim. App. 2013). A party must continue to object each time the objectionable evidence is offered. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Furthermore, we may only review those issues on appeal that comport with the complaint made before the trial court. *See* TEX. R. APP. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Wilson*, 71 S.W.3d at 349 (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). To determine "whether the complaint on appeal comports with the complaint made at trial," we must "consider the context in which the complaint was made and the parties' shared understanding at that time." *Pena*, 285 S.W.3d at 464.

On appeal, Appellant asserts that Benavides's testimony was inadmissible because a witness cannot offer an opinion on the truthfulness of another witness. Expert testimony that a particular witness is truthful is inadmissible under Rule 702 of the Texas Rules of Evidence. *Pavlacka v. State*, 892 S.W.2d 897, 902 n.6 (Tex.

Crim. App. 1994); *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *Vasquez v. State*, 975 S.W.2d 415, 417 (Tex. App.—Austin 1998, pet. ref'd). Thus, an expert witness may not offer a direct opinion on the truthfulness of a child complainant's allegations. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount*, 872 S.W.2d at 708. However, an expert may testify that the child exhibits symptoms consistent with sexual abuse. *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); *Edwards v. State*, 107 S.W.3d 107, 115 (Tex. App.—Texarkana 2003, pet. ref'd).

The trial court responded that it had overruled the objection. Defense counsel did not offer any legal reason for his objection, he simply said, "I'm going to object to that," without explanation. Because no reason for the objection was given at trial, the trial court was not made aware of why the evidence was inadmissible, and nothing was preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). In addition, the complaint on appeal does not comport with the objection at trial, and nothing is preserved. *See* TEX. R. APP. P. 33.1(a); *Pena*, 285 S.W.3d at 464; *Wilson*, 71 S.W.3d at 349 (citing *Thomas*, 723 S.W.2d at 700).

But even if we are incorrect and Appellant preserved this issue for appellate review, the trial court did not abuse it discretion when it admitted the evidence because defense counsel elicited the same information from Benavides immediately following the initial colloquy without objection. "An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Dominguez v. State*, 474 S.W.3d 688, 700 (Tex. App.—Eastland 2013, no pet.). "[I]t is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly

inadmissible evidence is offered." *Hernandez v. State*, 914 S.W.2d 226, 233 (Tex. App.—Waco 1996, no pet.) (alteration in original) (quoting *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984)).

Here, defense counsel created the problem when he asked the following follow-up question, "So you feel like you got all the details that she could give, is that fair?" Benavides responded, "Yes." Then defense counsel asked, "I didn't ask you if I thought you were telling the truth or not, but anyway, so you said that you felt like she was telling the truth, is that right?" Benavides responded, "Yes." The State did not ask these questions, defense counsel did. Still later, defense counsel asked Benavides if she had ever disbelieved a child whom she had interviewed or if she had heard of an interviewer who disbelieved a child. With this type of questioning by defense counsel, the trial court did not abuse its discretion because the law of invited error estops Appellant from claiming error that he induced. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). We overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 25, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.