**Affirm and Opinion Filed June 29, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00588-CR**

**JONATHAN OCTAVIO REYES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-23382-Q**

**MEMORANDUM OPINION**

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Following Jonathan Octavio Reyes's negotiated plea of guilty to aggravated robbery, the trial court placed him on ten years' deferred adjudication community supervision. A year later, the trial court granted the State's motion to revoke probation, adjudicated Mr. Reyes guilty, and sentenced him to ten years' imprisonment. Several days after that, the trial court granted a new trial and placed Mr. Reyes back on deferred adjudication community supervision with additional conditions, including substance abuse treatment.

About a year after that, the State again moved to revoke probation. Mr. Reyes pleaded not true to the State's allegations. After a July 9, 2021 hearing, the trial court found the State's allegations true, adjudicated Mr. Reyes guilty, and sentenced him to twenty years' imprisonment. Mr. Reyes filed a motion for new trial that was overruled by operation of law.

Mr. Reyes contends (1) the trial court violated his common-law right to allocution and (2) the trial court's twenty-year sentence violated his rights under the Texas Penal Code. In a cross-issue, the State asserts we should modify several portions of the trial court's judgment to comport with the record. We affirm the trial court's judgment as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Common-law allocution right

The term "allocution" refers to a trial judge's asking a criminal defendant to speak in mitigation of the sentence to be imposed. *See McDonald v. State*, No. 05-20-00892-CR, 2021 WL 5917506, at *2 (Tex. App.—Dallas Dec. 15, 2021, no pet.) (mem. op., not designated for publication). To complain on appeal of the denial of the right of allocution, a defendant must timely object. *See id*.; *Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication).

In his first issue, Mr. Reyes contends the trial court violated his common-law right to allocution "such that [he] should receive a new punishment hearing." The record shows that at the conclusion of the July 9, 2021 revocation hearing, the trial

court asked Mr. Reyes, "Is there any legal reason under law why you should not be sentenced at this time?" Defense counsel responded, "No, Your Honor."

Though Mr. Reyes raised his allocution complaint in his motion for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing." *McDonald*, 2021 WL 5917506, at *3 (quoting *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013)). Prior to sentencing, Mr. Reyes had the opportunity to object that the trial court had denied him the common-law right to allocution. Because he did not do so, he failed to preserve the issue for appeal. *See id*. Thus, his first issue presents nothing for this Court's review.

## Texas Penal Code objectives

We review a trial court's sentence for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence assessed within the statutory range of punishment applicable to the crime will not be disturbed on appeal. *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd). The Texas Penal Code's objectives include insuring public safety through the deterrent influence of penalties, rehabilitation, and punishment to prevent likely recurrence of criminal behavior. TEX. PENAL CODE § 1.02(1); *Arballo v. State*, No. 05-19-00616-CR, 2020 WL 2847287, at *1 (Tex. App.—Dallas June 2, 2020, no pet.) (mem. op., not designated for publication).

In his second issue, Mr. Reyes asserts the trial court's twenty-year sentence "violated [his] rights under the Texas Penal Code's direct expression of the objectives the Texas Penal Code as a whole is supposed to serve and achieve." He contends that because the evidence showed he "was not the type of person who had no worth relative to society in general and was the type of person who could recognize his criminal conduct and take action to make certain that the victim suffered no more of it," sending him to prison for twenty years "fails to recognize the differences in rehabilitation possibilities between Appellant and other convicted criminals for whom such a sentence would constitute either a lenient punishment or a punishment that was entirely appropriate in nature." Assuming without deciding that he properly preserved this complaint, we disagree.

Aggravated robbery is a first-degree felony punishable by imprisonment for life or for "any term of not more than 99 years or less than 5 years." *See* TEX. PENAL CODE §§ 29.03, 12.32. Mr. Reyes confessed to committing that offense by robbing and beating a stranger who was making an ATM deposit. Following his guilty plea, Mr. Reyes was given several opportunities to change his behavior. Instead, the record shows that while on deferred adjudication community supervision, he continued drinking alcohol, threatened and committed assault and aggravated assault against a woman with whom he had a dating relationship, and smashed the windshield of that woman's sister's car with a beer bottle. The trial court's sentence of twenty years' imprisonment is near the lower end of the allowed punishment range. On this record,

we cannot conclude the trial court abused its discretion by assessing that sentence. *See Foster*, 525 S.W.3d at 911.

## Modifications to trial court's judgment

The State asserts in its cross-issue that the trial court's July 9, 2021 judgment is erroneous because it (1) describes Mr. Reyes's plea to the motion to adjudicate as "true" though he pleaded "not true"; (2) describes plea bargain terms of "20 YEARS TDCJ" though there was no plea bargain regarding that proceeding; and (3) describes the community supervision conditions Mr. Reyes violated as "A,A,A,A,B,J,K,L,N,P,Q,U," though the trial court found only the four condition "A" violations. The record supports the State's assertions.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We sustain the State's cross-issue and modify the trial court's July 9, 2021 judgment to show Mr. Reyes pleaded "not true" to the motion to adjudicate, there was no plea bargain as to that proceeding, and the community supervision conditions Mr. Reyes violated were "A, A, A, A."

We affirm the trial court's judgment as modified.

210588f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JONATHAN OCTAVIO REYES,
Appellant

No. 05-21-00588-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-23382-Q.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's July 9, 2021 judgment to show appellant Jonathan Octavio Reyes pleaded "not true" to the motion to adjudicate, there was no plea bargain as to that proceeding, and the community supervision conditions appellant violated were "A, A, A, A."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of June, 2022.