# NO. 12-21-00207-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN JAREL TILLMAN,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Justin Jarel Tillman appeals his convictions for aggravated kidnapping, assault family violence with a previous conviction, and unauthorized use of a vehicle. In his sole issue, Appellant argues that his sentences are grossly disproportionate to the offenses and constitute cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated kidnapping, assault family violence with a previous conviction, and unauthorized use of a vehicle. He pleaded "not guilty" to the charges, and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant and Natalie Herran met online and dated for five months. For the first two months, Appellant was "awesome," funny, and charming. That changed one night when Appellant became upset, knocked Herran out, and shot and killed her dog. Afterwards, Herran was afraid to leave Appellant because he made threats against her disabled parents.

Later, Appellant and Herran were evicted from their home and staying with Herran's parents when Herran's parents, Gay and Victor Crawford, asked them to take Gay's car to go and buy groceries. Herran was the only one given permission to drive the car. There is conflicting

evidence regarding what happened next. Gay testified that she went into the kitchen at about the time Appellant and Herran should have returned and found the groceries on the counter, but Appellant, Herran, her car, and her debit card were missing. In contrast, Herran testified that they bought the groceries but did not take them home because they had an argument at Kroger, after which Appellant was upset, intimidating, and insisted on driving the car. Herran tried not to further provoke him because she "had been hit in the head so many times . . . they told [her] if [she was] hit in the head again, it wouldn't be good." Appellant seemed paranoid about something and drove around for a while before stopping at an Express Inn and Suites.

The couple stayed at the hotel for three nights in three different rooms. Appellant had possession of Herran's cell phone the entire time and text messaged her children from time to time saying she was okay, but she only stayed because he threatened her and she was too afraid to leave. On their last night at the hotel, Appellant left Herran alone in the room. She cleaned and dressed herself and started to leave but met Appellant and his brother, Aaron, as they were coming into the room. When Appellant saw that Herran had showered while he was out, he "lost it." Herran started to explain, and then Appellant picked her up and threw her into the bathtub, causing her head to hit a bar. When she arose, he grabbed her, "took [her] across the counter," and "was just throwing [her] around and slamming [her] around." During the assault, Aaron was telling Appellant to stop assaulting Herran and leave with him. Eventually, Appellant stopped and left with Aaron.

When Herran felt it was safe, she made her way to the hotel office for help. She hid behind a pillar while she waited for the police to arrive. Photographs of Herran taken at the scene and the police station show scratches on her neck and chest, bruises on her arm, leg, and hand, and a busted lip. Also in evidence is a judgment adjudicating Appellant guilty of assault family violence strangulation in Travis County.

Ultimately, the jury found Appellant "guilty" of the charges and assessed Appellant's punishment at imprisonment for twenty-eight years in the aggravated kidnapping case and ten years in the assault family violence case, and incarceration for two years in the unauthorized use of a vehicle case. This appeal followed.

2

<u>CRUEL AND UNUSUAL PUNISHMENT</u>

In Appellant's sole issue, he argues that his sentences are grossly disproportionate to his offenses and constitute cruel and unusual punishment in violation of the United States and Texas Constitutions. We disagree.

Before a complaint may be presented for appellate review, the record must show that it was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). An appellant fails to preserve error by failing to object when he has the opportunity. ***Burt v. State***, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013). A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. ***Id.*** at 577. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object during the punishment hearing. ***Id.*** at 577 n.4.

In this case, Appellant did not object at the punishment hearing when his sentence was pronounced. Because Appellant had the opportunity to object to his sentence at the punishment hearing and failed to do so, we conclude that he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); ***Burt***, 396 S.W.3d at 577-78.

Furthermore, even if Appellant preserved his issue, we could not grant him relief because his sentence does not constitute cruel and unusual punishment. The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. ***Meadoux v. State***, 325 S.W.3d 189, 193 (Tex. Crim App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. ***Cantu v. State***, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See* ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also* ***Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment falling within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See* ***Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In Count 1, Appellant was

convicted of aggravated kidnapping, a first degree felony, the punishment range for which is imprisonment for five to ninety-nine years or life and a possible fine of no more than $10,000.00. *See* TEX. PENAL CODE ANN. §§ 20.04(a), (c), 12.32 (West 2019). Thus, the twenty-eight year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

In Count 2, Appellant was convicted of assault family violence with a previous conviction, a first degree felony, the punishment range for which is imprisonment for two to ten years and a possible fine of no more than $10,000.00. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(A) (West Supp. 2021), 12.34 (West 2019). Thus, the ten year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

In Count 3, Appellant was convicted of unauthorized use of a vehicle, a state jail felony, the punishment range for which is confinement for 180 days to two years and a possible fine of no more than $10,000.00. *See* TEX. PENAL CODE ANN. §§ 31.07 (West 2016), 12.35 (West 2019). Thus, the two year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges us to consider the factors originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001 77 L. Ed. 2d 637 (1983). Under *Solem*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in ***Rummel v. Estelle*** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his offense. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id.***, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 265-66, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In this case, the offenses committed by Appellant—aggravated kidnapping, assault family violence with a previous offense, and unauthorized use of a vehicle—are more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's sentences are less than the one upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, then neither is Appellant's sentence in this case. Therefore, the threshold test has not been satisfied, and we need not apply the remaining elements of the ***Solem*** test. *See **McGruder***, 954 F.2d at 316; *see also **Jackson***, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

<u>GREG NEELEY</u>
Justice

Opinion delivered August 24, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2022**

**NO. 12-21-00207-CR**

**JUSTIN JAREL TILLMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-19-34130)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*