# NO. 12-22-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN DEWAYNE LOCKETT,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin DeWayne Lockett appeals his conviction for aggravated assault with a deadly weapon. In a single issue, Appellant contends his sentence constitutes cruel and unusual punishment. We affirm.

## BACKGROUND

In July 2020, Appellant was charged by indictment with aggravated assault with a deadly weapon and assault family violence by impeding breath or circulation. The indictment also included an enhancement paragraph alleging Appellant was previously convicted of aggravated sexual assault of a child. Appellant pleaded "not guilty" to both charges, and the matters proceeded to a jury trial. The jury ultimately found Appellant "guilty" of aggravated assault with a deadly weapon and "not guilty" of assault family violence by impeding breath or circulation. At the trial on punishment, Appellant pleaded "true" to the enhancement paragraph. The jury sentenced Appellant to sixty years imprisonment. This appeal followed.

<u>CRUEL AND UNUSUAL PUNISHMENT</u>

In his sole issue, Appellant argues that the sentence of sixty years imprisonment is grossly disproportionate to the crime committed and amounts to cruel and unusual punishment under the United States Constitution and the Texas Constitution.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim*, 283 S.W.3d at 475. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object during the punishment hearing. *Burt*, 396 S.W.3d at 577 n.4. In this case, Appellant did not object at the punishment hearing when his sentence was pronounced. Because Appellant had the opportunity to object to his sentence at the punishment hearing and failed to do so, we conclude that he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Burt*, 396 S.W.3d at 577-78.

Even had Appellant preserved his issue, we could not grant him relief because his sentence does not constitute cruel and unusual punishment. The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495

S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of aggravated assault with a deadly weapon, a second degree felony, and pleaded "true" to an enhancement allegation, increasing the punishment range to that of a first degree felony. The sentence of sixty years imprisonment imposed is within the applicable statutory enhanced punishment range due to Appellant's prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.32 (West 2019), 12.42(b) (West 2019); 22.02 (West Supp. 2023) (punishable by imprisonment for life or any term not more than 99 years or less than five years). Therefore, Appellant's punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In *Rummel*, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender

3

statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id*., 445 U.S. at 285, 100 S. Ct. at 1145.

In this case, Appellant's offense—aggravated assault with a deadly weapon with the punishment range enhanced because of Appellant's previous conviction for aggravated assault of a child—is more serious than the combination of offenses committed by the appellant in *Rummel*, but Appellant's sixty-year sentence is less than the life sentence upheld in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's single issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered February 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 29, 2024**

**NO. 12-22-00002-CR**

**KEVIN DEWAYNE LOCKETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-20-34650)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*