

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00243-CR

---

MAX ALLAN MAYO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 079339-D-CR, Honorable Steven Denny, Presiding

---

April 4, 2024

## OPINION ON REHEARING

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

By opinion and judgment dated February 26, 2024, this Court affirmed the trial court's judgment revoking Max Allan Mayo's community supervision for assault family violence and imposition of a ten-year sentence and a $10,000 fine.[1]  Pending before this Court is *Appellant's Motion for Rehearing and En Banc Reconsideration* by which he

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(B).  *See Mayo v. State*, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 1400, at *5 (Tex. App.—Amarillo Feb. 26, 2024, no pet. h.) (mem. op., not designated for publication).

maintains it was error to find procedural default in his complaint of cruel and unusual punishment (Issue Two). Remaining convinced we reached the proper disposition in our prior opinion, we nevertheless grant Appellant's motion for rehearing, deny en banc reconsideration, withdraw our original opinion and judgment, and issue this opinion in lieu thereof.

By two issues, Appellant maintains (1) the trial court abused its discretion in failing to conduct an "on the record" ability-to-pay inquiry based on the express requirement of article 42.15 of the Texas Code of Criminal Procedure and in finding he would have the ability to pay fees and costs at a later date or at designated intervals and (2) the sentence imposed constitutes cruel and unusual punishment.

Appellant does not challenge his conviction. Thus, only the facts necessary for disposition of his two issues will be addressed.

### ISSUE ONE—ARTICLE 42.15 AND ABILITY TO PAY FINES AND COSTS

Appellant contends the trial court abused its discretion by imposing a fine and court costs without conducting an on-the-record hearing on his ability to pay. He requests a remand for compliance with the statute. The State contends any error in doing so was harmless. Based on this Court's recent decision in *Stanberry v. State*, No. 07-23-00194-CR, 2023 Tex. App. LEXIS 1066, at *6 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication), a remand is unnecessary as no error occurred.

Article 42.15(a-1) regarding fines and costs, amended in 2021 and effective until January 1, 2025,[2] provides as follows:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . . (3) waived in full or in part . . .; or (4) satisfied through any combination of methods under Subdivisions (1) – (3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Emphasis added).[3] Section 42.15(a-2) provides that a defendant may waive the on-the-record inquiry.

Appellant maintains an on-the-record inquiry is an absolute statutory requirement. There was no on-the-record inquiry. Neither was there a waiver by Appellant to have such an inquiry. There is, however, an "Article 42.15 Addendum" in which the trial court made the following findings:

> The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.
>
> The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

---

[2] *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 TEX. GEN. LAWS 202.

[3] "On-the-record" language was added to the statute effective September 1, 2021.

Although no on-the-record inquiry was made, the record shows the trial court determined Appellant did not have sufficient resources or income to pay all or part of his fine and costs. *See Stanberry*, 2023 Tex. App. LEXIS 1066, at *6 (citing *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.)). *See also Cruz v. State*, No. 14-21-00454-CR, 2023 Tex. App. LEXIS 2987, at *5–6 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (mem. op., not designated for publication) (concluding defendant's ability-to-pay inquiry is "fundamental to the proper functioning of our adjudicatory system"). *Cf. Gates v. State*, No. 02-23-00004-CR, 2024 Tex. App. LEXIS 1014, at *11–12 (Tex. App.—Fort Worth Feb. 8, 2024, no pet. h.) (mem. op., not designated for publication) (finding the failure to have an on-the-record inquiry harmless). The court in *Sloan* found the trial court must have determined the defendant did not have the resources or income to pay immediately and deferred payment until his release. *Sloan*, 676 S.W.3d at 242. Issue one is overruled.

**ISSUE TWO—CRUEL AND UNUSUAL PUNISHMENT**

By his second issue, Appellant contends his punishment constitutes cruel and unusual punishment and argues that under a proportionality review, the maximum sentence imposed violates the Eighth Amendment. We disagree.

Appellant was originally charged with causing bodily injury to the victim with whom he had a dating relationship for impeding her breathing or circulation of the blood by applying pressure to her throat or neck. At his plea hearing, he was admonished of the range of punishment for assault family violence, a third degree felony, if he were to violate his deferred community supervision and be found guilty at a later date.

4

**Preservation of Error**

Generally, preservation of a punishment issue occurs at the earliest opportunity available, i.e., at the time sentence is imposed, assuming the defendant had the opportunity to do so. *See Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Roach v. State*, No. 07-23-00102-CR, 2023 Tex. App. LEXIS 5327, at *3 (Tex. App.—Amarillo July 20, 2023, no pet.) (mem. op., not designated for publication). However, if there is no opportunity to object at trial, the issue is preserved when raised in a timely motion for new trial. *Ceniceros v. State*, No. 07-21-00126-CR, 2022 Tex. App. LEXIS 1124, at *7 (Tex. App.—Amarillo Feb. 16, 2022, pet. ref'd) (mem. op., not designated for publication).

At the revocation hearing, after pronouncing sentence, the trial court announced as follows:

> You are entitled to an appeal. If you want an appeal, please get your attorney to file the appropriate paperwork. We will appoint an attorney for you.
>
> Good luck to you, sir.

A reading of the cold record reflects the proceeding concluded without Appellant having an opportunity to object to his sentence. Thus, the earliest opportunity for him to complain of his sentence was via a motion for new trial. He timely filed his motion and alleged the punishment was "disproportionate to the underlying case and the allegations in the subsequent Motion to Proceeds [sic]."

Generally, a motion for new trial must be presented to the trial court within ten days of filing to give the trial court notice of the filing. *See* TEX. R. APP. P. 21.6. *See also*

5

*Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009) (noting "presentment" must be apparent from the record). Appellant filed his motion for new trial on July 6, 2023. That same date, defense counsel filed a motion to withdraw in which he noted that a motion for new trial had been filed. An amended motion for new trial and amended motion to withdraw were both filed on July 10. By order dated July 11, 2023, the trial court granted the amended motion to withdraw "due to the Motion for New Trial . . . ." The trial court's order demonstrates presentment. Thus, because Appellant was not given an opportunity to object after the imposition of sentence and because his motion for new trial was timely filed and presented to the trial court, we conclude his punishment issue was preserved.

**Applicable Law**

In evaluating a claim of a disproportionate criminal sentence, a reviewing court should be guided by the following criteria: (1) the gravity of the offense and the harshness of the sentence; (2) the sentences imposed on other defendants in the same jurisdiction; and (3) the sentences imposed for commission of the same offense in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Years later, the Supreme Court revisited *Solem* and rejected its proportionality guarantee determining the Eighth Amendment contained no such guarantee. *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). After *Harmelin*, the Fifth Circuit Court of Appeals adopted a modified *Solem* test requiring a reviewing court to first conduct a threshold comparison of the gravity of the offense underlying the current conviction as well as offenses underlying prior convictions against the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113

S. Ct. 146, 121 L. Ed. 2d 98 (1992). Only if the reviewing court infers the sentence is grossly disproportionate to the offenses should the court then consider the remaining factors of the *Solem* test. *Id.*

Additionally, "[s]ubject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Simpson v. State*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

**Analysis**

Appellant's argument regarding disproportionality of his sentence is as follows:

Appellant received the maximum sentence available to him under the law for the worst possible case of this nature. This result should not stand.

One of the allegations made in the State's motion to proceed was another incident of choking against a different victim. According to the victim, she and Appellant were residing separately in a motel and decided to live together as roommates in a house for financial reasons. She was aware Appellant was on community supervision. She, her grade school-aged son, and Appellant moved in together. After several months, Appellant assaulted her. She described how she and her son were in the bathroom one morning getting ready for the day. Appellant entered the bathroom, shoved her son out, and choked her violently while she was on the toilet. She testified she is four feet, eleven inches tall and Appellant is six feet, three inches in height. She described a second

7

incident of violence in which Appellant "snapped [her] laptop and choked [her] out and sliced [her] finger trying to steal [her] house keys . . . ."[4]

Appellant's community supervision officer testified there were two other domestic violence charges pending against Appellant. He recommended revocation due to "continued assaultive behavior."

We begin with acknowledging that in the underlying case, the punishment assessed is within the statutory range for a third degree felony, albeit the maximum authorized. *See* TEX. PENAL CODE ANN. § 12.34. Next, despite any argument on, or reference to, the *Solem* factors by Appellant, we nevertheless review the gravity of Appellant's original offense. At the revocation hearing, he admitted he assaulted the victim of the original offense and acknowledged she was truthful in her accusation against him. He further testified he "accepted [the] charges" in the two pending domestic violence cases. The victim of the new offense alleged in the motion to proceed testified to a violent choking incident and other instances of abuse. Appellant's punishment is not the "exceedingly rare" occurrence in which a sentence within the statutory range can be overturned on appeal. *Simpson*, 488 S.W.3d at 323. Based on the evidence presented, we conclude the trial court's imposition of the maximum sentence is not grossly disproportionate to the gravity of the offense. As such, we need not engage in a review of the two remaining *Solem* factors. Issue two is overruled.

---

[4] During cross-examination, defense counsel attempted to portray the victim as the aggressor and questioned the veracity of her claims against Appellant. When Appellant testified, he claimed the victim was angry with him for not taking her son to school and because she wanted to be in a relationship while he did not. He testified she attacked him during the bathroom incident.

## REFORMATION OF JUDGMENT

We note the trial court's *Judgment Adjudicating Guilt* reflects a clerical error. The summary portion under "Plea to Motion to Adjudicate" shows Appellant entered a plea of "true" while the record of the hearing shows Appellant pleaded "not true."

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect a plea of "not true" under "Plea to Motion to Adjudicate."

## CONCLUSION

As modified, the trial court's judgment is affirmed.

Alex Yarbrough
Justice

Publish.

9